■ In the Matter of MARILYN MADDEROM, Appellant, v. GARY MADDEROM, Respondent.— In a support proceeding, petitioner appeals from an order of

the Family Court, Kings County, dated December 13, 1972 and made after a hearing, which denied the application, but awarded her a counsel fee of $300. Order modified, on the law, by striking therefrom the decretal provision denying a support award. As so modified, order affirmed, without costs, and proceeding remanded to the Family Court for a new determination on the issue of support. The parties were married in 1963 and resided together until October, 1970, when they separated. The instant proceeding was commenced upon a petition dated July 18, 1972. The Family Court denied petitioner a support award because of her admitted misconduct. However, the transcript of the hearing reveals that both parties were guilty of misconduct, although the degree of the misconduct is ambiguous. Section 236 of the Domestic Relations Law provides that a husband may be directed to provide suitably for the support of his wife "notwithstanding that the court refuses to grant the relief requested by the wife * * * by reason of the misconduct of the wife, unless such misconduct would itself constitute grounds for separation or divorce". It is equally true, however, that where both parties are guilty of misconduct the husband may still be directed, in the exercise of discretion, to support the wife (*Sacks* v. *Sacks,* 26 A D 2d 575, mot. for lv. to app. den. 18 N Y 2d 583). The Family Court may, therefore, still award petitioner support pursuant to section 412 of the Family Court Act, "having due regard to the circumstances of the respective parties." The misconduct, if any, of either spouse would be one factor in such a determination. Accordingly, the matter must be remanded to the Family Court for a proper determination on the issue of support. As to the counsel fee award, under the facts of this case we do not consider the amount awarded to be inadequate for the work performed by counsel up to the present time (cf. *Hessen* v. *Hessen,* 33 N Y 2d 406). Gulotta, P. J., Hopkins, Latham, Shapiro and Cohalan, JJ., concur.